UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CR-12-TAV-CCS |
| | ) | |
| WILLIAM D. WOODEN, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION & ORDER

This criminal matter is before the Court for consideration of the Report and Recommendation entered by United States Magistrate Judge C. Clifford Shirley, Jr. ("R&R") [Doc. 22]. The R&R addresses the defendant's motion to suppress evidence [Doc. 17]. The government responded to the motion [Doc. 18]. Magistrate Judge Shirley held a hearing on the motion on October 6, 2015 [Doc. 20]. Magistrate Judge Shirley then issued the R&R, recommending that the Court deny the request for suppression [Doc. 22]. The defendant has filed an objection to the R&R [Doc. 25], and the government responded to that objection [Doc. 26]. For the reasons that follow, the Court will overrule the defendant's objection, accept the R&R, and deny the request for suppression.

## I. Background[1]

On November 19, 2015, at approximately 1:00 a.m., while on duty as a narcotics investigator, Corporal Mason, of the Monroe County Sheriff's Department, arrived at 644 Tellico Highway in Monroe Country, Tennessee with Deputies William and Millsaps [Doc. 22 p. 3]. The officers were in search of Mr. Harelson, and had a warrant for his arrest [*Id.*]. Corporal Mason had prior knowledge that the occupants of the home, Ms. Harris and the defendant, were convicted felons [*Id.* at 3–4].

When the officers arrived at the address, Corporal Mason walked up to the front porch and knocked on the door while Deputy Williams stayed on the ground by the bottom of the porch, and Deputy Millsaps stood out back behind the mobile home [*Id.* at p. 4, 8]. Corporal Mason claims that did not have any indication or markings on his person signaling that he was a law enforcement officer [*Id.* at p. 6]. He also states that he mistakenly left his service weapon in his vehicle [*Id.* at p. 4].[2]

The defendant answered the door, and Corporal Mason asked to speak with Ms. Harris [*Id.*]. The defendant indicated that Ms. Harris was home and that he would go get her [*Id.*]. Corporal Mason then claims he then asked the defendant if he could come

---

[1] While defendant objects to the findings of fact in the R&R, he does not dispute the summary of evidence found on pages three through nine of the R&R [Doc. 25 p. 1]. The Court, therefore, takes the facts summarized in this section from the R&R.

[2] Defendant argues that Corporal Mason's statements that he did not have any indication or markings that he was a law enforcement officer and that he left his service weapon in his vehicle are "very suspect testimony" [Doc. 25 p. 2].

2

inside the home and that the defendant responded affirmatively that he could [*Id.*].[3] The exchange between Corporal Mason and the defendant was brief and out of hearing range from Deputy Williams [*Id.* at 8].

As Corporal Mason stepped inside the home, he saw the defendant reach behind the door and begin to walk toward a hallway [*Id.* at 4]. Corporal Mason realized that the defendant was carrying a rifle and ordered the defendant to drop the weapon [*Id.*]. Deputy Williams entered the home as well and drew his service weapon at the defendant who then set down the rifle [*Id.*]. Deputy Williams then detained the defendant by placing him in handcuffs [*Id.* at 8]. Corporal Mason asked the defendant if he was a convicted felon, and the defendant said yes [*Id.* at 5].

Corporal Mason then spoke with Ms. Harris who gave verbal consent for Corporal Mason to look around the home for Mr. Harelson [*Id.*]. While walking through the home, Corporal Mason observed in plain view a second firearm that was leaning against the wall in one of the bedrooms [*Id.*]. Corporal Mason then asked Ms. Harris for written consent to search the home further [*Id.*]. Ms. Harris agreed and signed a consent form [*Id*]. At no time did the defendant object to the officers searching the home or to Ms. Harris giving verbal or written consent to the search [*Id.* at 5, 8].

At some point after the officers began searching the home, and while the defendant was being detained, Deputy Williams searched the defendant's person and found a loaded revolver in a holster on defendant's belt [*Id.* at 4–5, 8].

---

[3] Defendant "proffers" through defense counsel that he never gave consent to Corporal Mason to enter the mobile home.

3

Case 3:15-cr-00012-TAV-CCS   Document 28   Filed 11/24/15   Page 3 of 7   PageID #: 222

The defendant is charged with one count of being a felon in possession of a firearm and ammunition [Doc. 1]. The defendant moves to suppress the firearms and ammunition found on November 19, 2014 [Doc. 17].

In the R&R, Magistrate Judge Shirley recommends that the Court deny the defendant's motion to suppress because while the defendant argues he never consented to Corporal Mason entering the mobile home, Judge Shirley credits Corporal Mason's testimony that the defendant did consent [Doc. 22]. The defendant filed an objection to the R&R, asserting that the magistrate judge erred in determining that Corporal Mason's testimony was credible and provided "clear and positive" evidence that consent was freely given [Doc. 25]. The government filed a response rebutting the defendant's claim [Doc. 26].

## II.  Standard of Review

The Court reviews *de novo* those portions of the R&R to which the defendant has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Accordingly, the Court considers the R&R, the motion to dismiss, the parties' underlying and supporting briefs, the defendant's objection, and the government's response to that objection, all in light of the applicable law.

## III.  Analysis

"When a magistrate's findings and recommendations rest upon the evaluation of the credibility of a witness, the district court is not required to rehear the testimony in order to conduct a de novo determination of the issues." *United States v. Johnson*, No.

4

10-20176, 2011 WL 3844194, at *2 (W.D. Tenn Aug. 30, 2011) (quoting *United States v. Bermudaz*, 228 F.3d 424, 2000 WL 1871676, at *3 (6th Cir. Dec. 11, 2000) (citations omitted). "When reviewing a magistrate judge's credibility determinations on a motion to suppress, the district court may accept or reject the magistrate judge's determination, while recognizing a magistrate judge is in the better position to assess the credibility of witnesses he sees and hears." *United States v. Robinson*, No. 1:07-cr-01, 2007 WL 2138635, at *1 (E.D. Tenn. July 23, 2007) (citations omitted). "Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his de novo review of the record he finds a reason to question the magistrate judge's assessment." *Id.* (citations omitted).

The defendant states that he does not dispute the summary of the evidence provided by the magistrate judge, but he takes issue with and objects to Magistrate Judge Shirley's finding that Corporal Mason's testimony was credible and provided "clear and positive" evidence that consent was freely given [Doc. 25 p. 2].

Corporal Mason testified that on November 14, 2014, while standing on the front porch, he asked the defendant, "Do you mind if I step inside?" and the defendant responded, "Yes, come on in" [Doc. 22 p. 4]. Corporal Mason then testified that after entering the mobile home and seeing the defendant with a rifle, he then realized he mistakenly left his service weapon in his vehicle [*Id.*].

5

At the suppression hearing, the defendant offered no evidence contradicting Corporal Mason's testimony aside from the defendant's "proffer," through defense counsel, that Corporal Mason was told to wait at the door while the defendant went to get Ms. Harris. Defendant's position is that Corporal Mason's testimony is suspect because it appears illogical that an experienced law enforcement officer would enter into a potentially dangerous situation without his firearm [Doc. 25 p. 2]. Defendant argues that because this portion of Corporal Mason's testimony is not credible, the remainder of his testimony must be untruthful [*Id.*].

The Court notes that "a magistrate judge is in the better position to assess the credibility of witnesses he sees and hears." *Robinson*, 2007 WL 2138635, at *1. Furthermore, the defendant never objected to or protested to law enforcement presence at any point while inside the home. This fact corroborates Corporal Mason's testimony and contradicts the defendant's proffer that he withheld consent. Accordingly, the Court finds no reason in the record to question the magistrate judge's determination regarding the credibility of Corporal Mason's testimony.

### III. Conclusion

Accordingly, upon a careful and *de novo* review of the record and the law, the Court finds that the recommendations contained in the R&R are correct. The defendant's objection [Doc. 25] is **OVERRULED.** The Court **ACCEPTS in whole** the R&R [Doc.

22] and incorporates it into this Memorandum Opinion and Order. The Court **DENIES** defendant's Motion to Suppress [Doc. 17].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

7