# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. 3:15-cr-12 |
| v. ) | |
| ) | |
| WILLIAM DALE WOODEN, ) | Judge Varlan |
| Defendant. ) | |

## SENTENCING MEMORANDUM

The United States respectfully requests that defendant receive a sentence of 180 months' imprisonment, which is within the properly applicable advisory Guidelines range for his offense. Defendant's prior Georgia aggravated assault and burglary convictions make him an armed career criminal under 18 U.S.C. § 924(e)—the Armed Career Criminal Act ("ACCA")—and, given his extensive criminal history, he should be sentenced as such.

## I.  BACKGROUND

On November 19, 2014, law enforcement officers went to a residence in an attempt to locate and arrest a wanted individual. (R. 24, Factual Basis at 1.) When they arrived at the residence, defendant greeted the officers and invited them inside. (*Id*.) As the officers entered the residence, they noticed that defendant was reaching behind the front door. (*Id*.) After the officers were inside, defendant turned away from them and walked toward a hallway. (*Id*.) As he was walking away, officers saw defendant carrying a rifle and ordered him to stop. (*Id*.) Officers subsequently searched defendant and found that he was carrying a .38 caliber pistol, five .38 caliber shells, some hydrocodone pills, and some marijuana. (*Id*.)

Defendant subsequently pleaded guilty to possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). (R. 35, Plea Minutes.) That offense typically

carries a maximum penalty of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, for defendants who have three prior convictions "for a violent felony or a serious drug offense, or both," the ACCA requires a fifteen-year minimum sentence. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").[1] 18 U.S.C. § 924(e)(2)(B).

Here, defendant qualifies as an armed career criminal because he has twelve separate prior convictions for violent felonies—one Georgia aggravated-assault conviction (R. 36, Presentence Investigation Report ("PSR") at ¶ 26),[2] ten Georgia burglary-of-a-building convictions (*id*. at ¶ 32),[3] and one Georgia burglary-of-a-dwelling-house conviction (*id*. at ¶ 36).[4] (*See generally* R. 39, Notice of PSR Objections.) Because defendant is an armed career criminal, he should have an offense level of 33 under U.S.S.G. § 4B1.4(b)(3)(B) and a criminal

---

[1] In *Johnson v. United States*, the Supreme Court deemed the ACCA's residual clause to be unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015). However, the Court emphasized that its "decision d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*.; *accord United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015) (holding that "a defendant can still receive an ACCA-enhanced sentence based on the statute's use-of-force clause or enumerated-offense clause.").

[2] *See also* Exhibit 1, Aggravated Assault Indictment (attached); Exhibit 2, Aggravated Assault Judgment (attached).

[3] *See also* Exhibit 3, Burglaries-of-Building Indictment (attached); Exhibit 4, Burglaries-of-a-Building Judgment (attached).

[4] *See also* Exhibit 5, Burglary-of-Dwelling-House Indictment (attached); Exhibit 6, Burglary-of-Dwelling-House Judgment (attached).

history category of IV under § 4B1.4(c)(1) & (3).[5]  After applying a three-level reduction for defendant's acceptance of responsibility, his total offense level should be 30, and his advisory Guidelines range should be calculated as 135 to 168 months' imprisonment and enhanced to 180 months' imprisonment due to the ACCA mandatory minimum.  A sentence within that 180-month range would be sufficient, but no greater than necessary to achieve the § 3553(a) sentencing considerations in this case.

## DISCUSSION

I. Defendant's Georgia aggravated assault conviction qualifies as a violent felony under the ACCA's use-of-force clause.

To qualify as a violent felony under the use-of-force clause, an offense must have "as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  The force involved must be "*violent* force—that is, force capable of causing physical pain or injury to another person."  *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).  However, the force need not rise to the level of "caus[ing] serious injury, or traumatic injury."  *United States v. Duncan*, 833 F.3d 751, 756 (7th Cir. 2016).  It is sufficient that the force be capable of causing any injury, "regardless of its gravity or duration."  *United States v. Evans*, 699 F.3d 858, 863 (6th Cir. 2012) (citation omitted); *accord Johnson*, 559 U.S. at 143 (noting that force consisting of nothing more than a "a slap in the face" is sufficient).

---

[5] The probation office has not classified defendant as an armed career criminal in the PSR and has instead calculated his advisory Guidelines range as 21 to 27 months' imprisonment. (R. 36, PSR at ¶ 68.)  The United States has objected to the PSR on the ground that defendant is, in fact, an armed career criminal and incorporates that objection into this sentencing memorandum by reference.  (*See* R. 39, Notice of PSR Objections.)

3

Georgia aggravated assault categorically involves the use, attempted use, or threatened use of such force. *See*, *e.g.*, *United States v. Smith*, 417 F. App'x 911, 917 (11th Cir. 2011) (finding Georgia aggravated assault is a crime of violence under the Guidelines). To commit that offense, one must commit an assault either "(1) [w]ith the intent to murder, to rape, or to rob; or (2) [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person is likely to or actually does result in serious bodily injury." Ga. Code Ann. § 16-5-21(a) (1989).[6] Either scenario involves the use, attempted use, or threatened use of violent force.

After all, a person who assaults another with the intent to murder, rape, or rob that person will have necessarily attempted to use force capable of causing physical pain or injury to that person. *See*, *e.g.*, *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012) ("[O]ne can knowingly cause serious physical harm to another only by knowingly using force capable of causing physical pain or injury, *i.e.*, violent physical force." (internal citation and editing marks omitted)). Likewise, a person who uses a deadly weapon during an assault will necessarily have used or threatened to use force capable of causing physical pain or injury. *See Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (finding that the deadly-weapon variant of Tennessee aggravated assault is categorically a violent felony under the ACCA's use-of-force clause); *accord United States v. Whindleton*, 797 F.3d 105, 114 (1st Cir. 2015) (finding that the Massachusetts offense of assault with a dangerous weapon categorically qualifies as a violent felony under the ACCA's use-of-force clause because "the element of a dangerous weapon

---

[6] In this case, the records for defendant's prior aggravated assault conviction reveal that he assaulted a woman with the intent to rape her. (Exhibit 1, Aggravated Assault Indictment at 2.)

imports the 'violent force' [needed to turn Massachusetts's] otherwise overbroad simple assault statute" into a violent felony).

In short, all variants of Georgia aggravated assault qualify as violent felonies under the ACCA's use-of-force clause. As such, the offense categorically qualifies as a violent felony and defendant's prior conviction for it should be used to classify him as an armed career criminal.

II.   Defendant's eleven Georgia burglary convictions qualify as violent felonies under the ACCA's enumerated-offense clause.

A "person has been convicted of burglary for purposes of [the ACCA] if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). To determine whether a prior conviction is for burglary, courts must apply a "categorical approach" which focuses "solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).

In *Mathis*, the Supreme Court clarified that there is no "exception to that rule when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements." 136 S. Ct. at 2248. The Court explained that "elements" are the "'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Id*. (citation omitted). Statutorily enumerated "means," by contrast, are simply factual scenarios that a legislature has indicated can constitute proof of a particular element, *id*. at 2249, and are, thus, "not essential to any conviction." *Id*. at 2253 (emphasis in original). Only elements matter for purposes of conducting the modified categorical approach. *Id*. at 2257.

5

To determine whether a state statute phrased in the alternative lists elements or means, a court must look to "authoritative sources of state law," namely, state case law and the text of the statute itself. *Id*. at 2256. Here, both the language of Georgia's burglary statute as well as the case law interpreting that statute indicate that the offense is divisible. *See generally United States v. Gundy*, No. 14-12113, __ F.3d __, 2016 WL 6892164, at *8-10 (11th Cir. Nov. 23, 2016) (finding post-*Mathis* that Georgia's pre-2012 burglary statute—*i.e.*, the same burglary statute under defendant was convicted in this case—is divisible and that the burglary-of-a-building and burglary-of-a-dwelling-house variants of that offense categorically qualify as generic burglaries under the ACCA).

At the time, defendant committed his burglaries, Georgia defined that offense as follows:

> A person commits the offense of burglary when, [1] without authority and [2] with the intent to commit a felony or theft therein, [3] he enters or remains [4] within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

Ga. Code Ann. § 16-7-1(a) (1997) (editing marks added).[7] That statute contains the generic burglary elements of unlawful entry into or remaining in a location with intent to commit a crime. However, the statute also contains multiple, alternative locational elements, some of which constitute generic burglary locations—*e.g.*, dwelling houses, buildings, and moveable structures designed for use as a dwelling—and some of which do not—*e.g.*, moveable structures not designed for use as a dwelling.

The statute's use of the disjunctive "or" suggests that those locations are alternative elements rather than alternative means of proving one locational element. *Gundy*, 2016 WL

---

[7] Defendant committed ten of his burglaries in 1997 (PSR at ¶ 32) and the other one in 2005 (*id*. at ¶ 36). The Georgia burglary statute did not change during that time.

6

6892164 at *8; *accord United States v. Mitchell*, 743 F.3d 1054, 1065 (6th Cir. 2014) ("The 'ordinary use' of the conjunction 'or' is almost always disjunctive, that is, the words it connects are to 'be given separate meanings.'") (quoting *United States v. Woods*, 134 S. Ct. 557, 567 (2013)).

The Georgia cases interpreting the state's burglary statute further confirm that the statute contains alternative locational elements. The Georgia Court of Appeals has consistently held that "where the defendant is charged with burglary, the indictment must specify the location of the burglary," *Morris v. State*, 303 S.E.2d 18492, 494 (Ga. App. 1983), and the prosecution must "prove the specific location of a burglary in order to obtain a conviction." *State v. Ramos*, 243 S.E.2d 693, 694 (Ga. App. 1978). *See also Chester v. State*, 140 S.E.2d 52, 53 (Ga. App. 1964) ("It must be alleged and proved in an indictment for burglary that there was a breaking and entering of one of the classes of buildings set out in the statute.") The Georgia Supreme Court has likewise held that the identity of the burglary location is "an *essential element* of the offense which must be alleged" in the indictment and proven at trial. *DeFrancis v. Manning*, 271 S.E.2d 209, 209 (Ga. 1980) (emphasis added). Because "the things the 'prosecution must prove to sustain a conviction'" are, by definition, "elements" of the offense, *Mathis*, 136 S. Ct. at 2248, the Georgia burglary statute's alternative locations must be read as alternative elements of that offense rather than simply alternative means of proving a single locational element. *Gundy*, 2016 WL 6892164 at *8-9.[8]

---

[8] Although this Court is not bound by *Gundy*, it should nevertheless follow that decision because the Eleventh Circuit correctly applied the divisibility analysis announced by the Supreme Court in *Mathis* and properly concluded that, under Georgia law, Georgia's burglary statute contains alternative locational elements. Moreover, absent "compelling reasons, [this Court] [sh]ould not create a circuit split with the circuit that encompasses [Georgia] regarding the meaning of [Georgia] law." *United States v. Rivera-Ramos*, 578 F.3d 1111, 1113 (9th Cir. 2009).

7

In short, Georgia's burglary's statute is divisible. Thus, in this case, one must consult the records for defendant's burglary convictions to "determine which alternative formed the basis of [those] prior conviction[s]." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Here, those conviction records reveal that in 1997 defendant committed ten separate burglaries of a "building" (Exhibit 3, Burglaries-of-Building Indictment) and in 2005 he committed a burglary of a "dwelling house" (Exhibit 5, Burglary-of-Dwelling-House Indictment).[9] Those two variants of Georgia burglary—burglary of a building and burglary of a dwelling house—categorically qualify as generic burglaries because their locational elements fall within the generic burglary element of a building or other structure. *Gundy*, 2016 WL 6892164 at *10. Accordingly, defendant's eleven prior Georgia burglaries qualify as violent felonies under the ACCA and should be used to classify him as an armed career criminal.

III. <u>Defendant's history and characteristics and the need to protect the public and afford adequate deterrence support sentencing defendant as an armed career criminal.</u>

The Guidelines are "the starting point and the initial benchmark" for any sentencing determination under 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007). In this case, the Guidelines recommend a sentence of 180 months' imprisonment because defendant is an armed career criminal with twelve prior violent-felony convictions. In light of defendant's extensive criminal history, a sentence within that advisory Guidelines range would be sufficient, but no greater than necessary, to achieve the § 3553(a) sentencing goals in this case.

---

[9] While defendant committed those ten burglaries on the same date, they involved ten separate storage units belonging to ten separate victims. (*See* Exhibit 3, Burglaries-of-Building Indictment.) As such, they qualify as separate ACCA predicate offenses. *See*, *e.g.*, *United States v. Carnes*, 309 F.3d 950, 956 (finding that two burglaries committed consecutively in neighboring homes were properly considered as committed on separate occasions under the ACCA); *see also United States v. Brady*, 988 F.2d 664, 670 (6th Cir. 1993) (*en banc*) (finding that two robberies committed the same evening against different victims in separate locations constituted separate offenses for ACCA purposes).

8

"Congress designed ACCA to incapacitate individuals whose prior conduct 'makes [it] more likely that [they], later possessing a gun, will use that gun deliberately to harm a victim.'" *United States v. Vann*, 660 F.3d 771, 826 (4th Cir. 2011) (quoting *Begay v. United States*, 553 U.S. 137, 145 (2008)); *accord Begay*, 553 U.S. at 146 (The ACCA "focuses upon the special danger created when a particular type of offender—a violent criminal or drug trafficker—possesses a gun. … [T]he Act looks to past crimes … because an offender's criminal history is relevant to the question whether he is a career criminal, or, more precisely, to the kind or degree of danger the offender would pose were he to possess a gun."); *Taylor v. United States*, 495 U.S. 575, 587-88 (1990) ("Congress focused its efforts on career offenders—those who commit a large number of fairly serious crimes as their means of livelihood, and who, because they possess weapons, present at least a potential threat of harm to persons.").

Defendant is precisely the kind of individual whom the ACCA was meant to punish and for whom ACCA-enhanced Guidelines ranges were designed. Defendant began a life of crime at the age of 21 and, since then, has accumulated over thirty prior convictions. (*See generally* R. 36, PSR at ¶¶ 24-36.) Some of those convictions involved drugs. (*Id*. at ¶¶ 25, 33.) Several others involved theft or vehicular offenses. (*Id*. at ¶¶ 27-32, 34-36.) And still others involved physical violence. (*Id*. at ¶ 26.)

Defendant's repeated disregard for the law and willingness to use violence indicates that he is precisely the type of felon who poses a greater danger to the public when in possession of firearms. Accordingly, to protect the public and afford adequate deterrence to future criminal conduct by defendant, the United States respectfully requests that the Court impose a sentence of 180 months' imprisonment. That sentence would be sufficient, but no greater than necessary, to achieve the § 3553(a) sentencing goals in this case.

9

## CONCLUSION

Defendant's prior Georgia aggravated-assault conviction qualifies as a violent felony under the ACCA's use-of-force clause and his ten prior Georgia burglary-of-a-building convictions and one prior Georgia burglary-of-a-dwelling conviction qualify as violent felonies under the ACCA's enumerated-offense clause. Those prior convictions make defendant an armed career criminal and, in light of his extensive criminal history and the danger he poses to the public, he should be sentenced to 180 months' imprisonment.

Respectfully submitted,

Nancy Stallard Harr
United States Attorney

By: *s/ Luke A. McLaurin*
Luke A. McLaurin
Assistant United States Attorney

*s/ Kelly A. Norris*
Kelly A. Norris
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that, on December 1, 2016, the foregoing sentencing memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and those parties may access this document through the Court's electronic filing system.

*s/ Luke A. McLaurin*
Luke A. McLaurin
Assistant United States Attorney

10

Case 3:15-cr-00012-TAV-DCP   Document 41   Filed 12/01/16   Page 10 of 10   PageID #: 290