UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:15-CR-12-TAV-CCS |
| WILLIAM DALE WOODEN, | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This case is before the Court on defense counsel's Motion to Substitute Counsel [Doc. 46], filed on May 16, 2017, and referred [Doc. 47] to the undersigned on May 18, 2017. See 28 U.S.C. § 636(b). The parties appeared on June 8, 2017, for a hearing on the motion. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented the Defendant, who was also present.

Defendant Wooden entered a change of plea before Chief District Judge Varlan on August 2, 2016, and is scheduled for sentencing in late June. In his motion, Mr. Sharp asks the Court to substitute new counsel for the Defendant, because the Defendant wishes to file a motion to withdraw his guilty plea. He contends that he has an actual conflict of interest, which prevents him from litigating a motion to withdraw the guilty plea for the Defendant.

At the June 8 hearing, Mr. Sharp stated that while he and the Defendant had maintained a good attorney-client relationship, circumstances surrounding and following the Defendant's entry into a plea agreement require that he no longer represent the Defendant. He

1

stated that when the parties negotiated the guilty plea, they believed that the Defendant did not qualify as a Armed Career Criminal. Based upon a case from the Court of Appeals for the Eleventh Circuit, which was entered following the Defendant's entry of a guilty plea, the Government believed the Defendant to be an Armed Career Criminal and objected to the guideline range of twenty-one to twenty-seven months imprisonment. Mr. Sharp stated that while the Defendant wanted to withdraw his plea sooner, Mr. Sharp took time to look into the matter. He states that this delay moving to withdraw his guilty plea could hinder the Defendant's opportunity to withdraw his plea. Accordingly, Mr. Sharp stated that he could potentially be a witness to explain that the delay was due to him. Additionally, Mr. Sharp stated that the Defendant may want to argue that he provided the ineffective assistance of counsel for advising the Defendant that he did not qualify as an Armed Career Offender. Mr. Sharp stated that the Defendant needs new counsel to advise him on a motion to withdraw his guilty plea.

AUSA Norris stated that the Government objects to the substitution of Mr. Sharp. She said that on November 9, 2016, the Government filed a Notice of no objection to the Defendant's Presentence Report. On November 23, 2016, a new Eleventh Circuit case caused her to determine that the Defendant qualified as an Armed Career Criminal. AUSA Norris said that on November 29, 2016, she objected to the Presentence Report on this basis. She said that the Government acted as expeditiously as possible and that the case should now move forward to sentencing with current defense counsel. Although she stated that the Government would likely object to a motion to withdraw the guilty plea by the Defendant, she accepted time to consult with other attorneys from her office before the Court made its decision on replacing Mr. Sharp. The following day, June 9, 2017, AUSA Norris contacted the Court and confirmed that the Government

would oppose a motion to withdraw the guilty plea.

Rule 3.7(a) of the Tennessee Rules of Professional Conduct requires in pertinent part that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . (2) the testimony relates to the nature and value of legal services rendered in the case[.]" At first blush, the instant situation appears to fall within this exception to the rule because Mr. Sharp anticipates testifying about legal advice he gave the Defendant when he was considering whether to enter into a guilty plea and about the reason for the delay in filing a motion to withdraw the guilty plea. Comment [3] to Rule 3.7(a)(2) is illuminating:

> Paragraph (a)(2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyer to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has firsthand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.

In the present case, a motion to withdraw the guilty plea raises the possibility of conducting a trial in this case, without regard to Mr. Sharp's substitution. Moreover, the private conversations of the Defendant and defense counsel are not something about which the District Court would have any firsthand knowledge. Accordingly, the Court finds the possibility that Mr. Sharp may need to testify at a hearing on a future motion to withdraw the guilty plea, which the Defendant states that he intends to file and the Government says it will oppose, creates a conflict for Mr. Sharp between his role as the Defendant's advocate and his role as a potential witness. Because such conflict could deprive the Defendant of the effective assistance of counsel at a hearing on a motion to withdraw the guilty plea, the Court believes it is prudent to allow Mr. Sharp to withdraw and to substitute new counsel for the Defendant.

In light of the potential conflict, the undersigned finds that good cause exists to grant defense counsel's Motion to Substitute Counsel [**Doc. 46**], the same is **GRANTED**, and Mr. Sharp and the Federal Defender Services of Eastern Tennessee ("FDS") are relieved as counsel for the Defendant.  See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).  The Court recognizes the need for the Defendant to be represented continuously by conflict-free counsel.  Attorney Michael B. Menefee appeared at the June 8 hearing and agreed to accept representation of the Defendant.  The Court therefore and hereby substitutes and appoints Mr. Menefee as counsel of record for the Defendant pursuant to the Criminal Justice Act ('CJA"), 18 U.S.C. § 3006A.  Mr. Sharp is **DIRECTED** to provide the discovery and information from the Defendant's file to new counsel.

Accordingly, it is **ORDERED**:

(1) Attorney Sharp's Motion for Substitution of Counsel [**Doc. 46**] is **GRANTED**, and Mr. Sharp and FDS are permitted to withdraw as the Defendant's counsel of record;

(2) Attorney Michael B. Menefee is **SUBSTITUTED** and **APPOINTED** as counsel of record for the Defendant pursuant to the CJA; and

(3) Mr. Sharp is **DIRECTED** to provide the discovery and information from the Defendant's file to new counsel.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge