UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:15-CR-12-TAV-CCS |
| WILLIAM DALE WOODEN, | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the Court is defendant William Dale Wooden's Motion to Withdraw Guilty Plea [Doc. 50]. The United States responded in opposition to the defendant's motion [Doc. 54]. On August 22, 2017, the Court held a hearing in which it heard argument on the defendant's motion, as well as the testimony of the defendant's former counsel [Doc. 57]. For the reasons explained below, the Court will **GRANT** the defendant's motion to withdraw his guilty plea [Doc. 50].

## I. BACKGROUND

On March 3, 2015, the defendant was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) [Doc. 1]. After the Court granted the defendant several continuances and ultimately denied a motion to suppress, the defendant notified the United States and the Court that he wished to change his plea to a plea of guilty [*See* Docs. 34, 35]. The Court held a change of plea hearing on August 2, 2016, and the defendant knowingly and voluntarily pleaded guilty to being a felon in possession of a firearm and ammunition [Doc. 35]. On May 16, 2017, the defendant's

original attorney filed a motion to withdraw [Doc. 46], which the Court granted on June 9, 2017 [Doc. 48]. The Court appointed new counsel for the defendant on June 9, 2017 [*id.*], and with the aid of new counsel the defendant filed the instant motion to withdraw his guilty plea on June 21, 2017 [Doc. 50].

Throughout this process, the defendant was advised multiple times of the possibility that he could be designated as an armed career criminal, and that such designation would result in a fifteen-year mandatory minimum sentence [Docs. 54-1 p. 6 (initial appearance), 34 p. 2 (factual basis in support of guilty plea), 54-2 pp. 9, 11–12 (change of plea hearing)]. The defendant's prior counsel, however, made clear to the defendant before he pleaded guilty that it was highly unlikely he would be designated as an armed career criminal. At the hearing on the defendant's motion, his prior counsel testified that he repeatedly told the defendant he was "99% certain" the defendant would not be designated as an armed career criminal. This assessment was correct given the state of the law at the time, as the parties and the United States Probation Office did not believe the defendant should be designated as an armed career criminal—the original presentence investigation report included a guidelines range of 21–27 months [Doc. 36], and the parties filed notices of no objection to the presentence investigation report [Docs. 37, 38].

Between the defendant's guilty plea and his sentencing hearing, the United States Court of Appeals for the Eleventh Circuit issued its decision in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), in which it held that Georgia burglary-of-a-building and burglary-of-a-dwelling-house convictions qualify as generic burglaries under the Armed

Career Criminal Act, 18 U.S.C. § 924(e). The defendant possesses ten prior Georgia burglary-of-a-building convictions, one burglary-of-a-dwelling-house conviction, and one aggravated assault conviction. Thus, after *Gundy*, the defendant's criminal history dictates that he be designated as an armed career criminal and, therefore, be subject to a 180-month mandatory minimum sentence.

After neither party objected to a guidelines range of 21–27 months' imprisonment, the majority of which the defendant had already served, the defendant was shocked to learn he would be facing a mandatory minimum sentence of 180 months. Defendant's original counsel testified that, upon learning of the armed career criminal designation, the defendant asked to withdraw his guilty plea. Relying on the advice of his original counsel, however, the defendant agreed instead to challenge his designation as an armed career criminal. After this challenge proved futile, and within two weeks after appointment of new counsel, the defendant filed a motion to withdraw his guilty plea [Doc. 50]. The defendant states that he would not have pleaded guilty had he known designation as an armed career criminal was a realistic possibility, and that he deferred to his original counsel's assessment of the armed career criminal issue and whether to withdraw his guilty plea immediately after the *Gundy* decision.

The defendant possesses a ninth-grade education, and states that he relied almost entirely on the advice of counsel to guide him in his defense [Doc. 51]. The defendant has significant experience in state criminal justice systems, but prior to this offense had no experience in the federal criminal justice system. Although the defendant concedes that he

ultimately admitted guilt at his change of plea hearing, he argues that he initially maintained his innocence, and that a state charge arising out of the same facts as the instant federal charge was dismissed after the defendant asserted his innocence.

## II. ANALYSIS

Granting a defendant permission to withdraw a guilty plea is a matter "within the broad discretion of the district court." *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004). The defendant bears the burden of showing "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether the defendant has presented a fair and just reason for withdrawing his guilty plea, the Court weighs the following factors:

> (1) the amount of time elapsed between the plea and the motion to withdraw; (2) the presence or absence of a valid reason for not moving to withdraw earlier; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has prior experience in the criminal justice system; and (7) the potential prejudice to the government if the motion is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994). These factors, commonly known as the *Bashara* factors, do not constitute an exclusive list of the factors the Court may consider; no single factor is dispositive, and the Court need not analyze each factor. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). Nevertheless, the Court will address each of the *Bashara* factors in turn.

### A. Time Elapsed Between the Plea and the Motion to Withdraw

The defendant pleaded guilty on August 2, 2016 and moved to withdraw his guilty plea on June 21, 2017. This amounts to a ten-month period between the defendant's guilty plea and motion to withdraw. Absent mitigating circumstances, such an extensive delay would weigh heavily against the defendant. *See United States v. Ryerson*, 502 F. App'x 495, 499 (6th Cir. 2012) (upholding this Court's denial of a motion to withdraw guilty plea based in part on an eight-month delay).

### B. Presence or Absence of a Reason for Not Moving to Withdraw Earlier

According to the defendant's original counsel, the defendant immediately asked to withdraw his guilty plea upon learning that he faced designation as an armed career criminal. The defendant's original counsel, however, convinced the defendant that the better course of action would be to challenge his designation as an armed career criminal. Heeding the advice of counsel, the defendant agreed to not move to withdraw his guilty plea at that time. The defendant later moved to withdraw his guilty plea within two weeks of the appointment of his current counsel.

This series of events mitigates the effect of the extensive delay between the defendant's guilty plea and his motion to withdraw. As discussed in more detail below, the defendant's near-complete reliance on counsel in this situation was understandable given his lack of education or experience in the federal criminal justice system and his original counsel's certainty that he would not be designated as an armed career criminal.

The Court thus concludes that the extensive delay between the defendant's guilty plea and motion to withdraw weighs against the defendant, but not heavily.

## C. Whether the Defendant Asserted or Maintained His Innocence

The defendant initially asserted his innocence by pleading not guilty [Doc. 5]. The defendant also asserted his innocence with regard to a state court charge arising out of the same facts as the instant charge, which was later dismissed. The defendant then admitted guilt at his change of plea hearing [Doc. 35]. The Court finds that under these circumstances this factor weighs in favor of neither the defendant nor the government.

## D. The Circumstances Underlying the Entry of the Guilty Plea

Despite the Court's warnings that the defendant could be designated as an armed career criminal, the defendant relied on his original counsel's advice—that he would not be designated as an armed career criminal—in deciding to plead guilty. The defendant's original counsel told him he was "99% certain" the defendant would not be designated as an armed career criminal, and this assessment was accurate given the state of the law at that time. The United States and the United States Probation Office agreed with this assessment, as the Probation Office filed a presentence investigation report listing the defendant's guidelines range as 21–27 months [Doc. 36], to which the government did not object [Doc. 37]. Also of note is the fact that the defendant had served a majority of his expected sentence at the time of his decision to plead guilty, and thus, relying on his original counsel's assessment that he would likely receive a sentence of 21–27 months, it made strategic sense for the defendant to plead guilty at that time.

Upon learning that he faced sentencing as an armed career criminal after the Eleventh Circuit issued the *Gundy* decision, and thus could expect a mandatory minimum sentence of 180 months as opposed to a guidelines sentence of 21–27 months, the defendant immediately told his original counsel that he wanted to withdraw his guilty plea. The defendant's original counsel instead suggested that they challenge his designation as an armed career criminal. Again deferring to his original counsel's advice, the defendant agreed to not move to withdraw his guilty plea at that time.

The defendant clearly states that he would not have pleaded guilty had he known designation as an armed career criminal was a realistic possibility, and that he deferred to his lawyer's assessment of the armed career criminal issue and the decision to not move to withdraw his guilty plea immediately after *Gundy*. The defendant's near-complete reliance on his counsel, with regard to both of these decisions, is understandable given the defendant's background. The defendant was in no position to independently make informed decisions as to his defense given his lack of education and experience in the federal criminal justice system. These factors, when considered alongside the conviction of his original counsel's assessments, left the defendant with little choice but to defer to the advice of his original counsel. These circumstances weigh in favor of permitting the defendant to withdraw his guilty plea.

### E. The Defendant's Nature and Background

The defendant has a ninth-grade education and is currently disabled. He has worked as a painter and general laborer. Independently, these factors are not so significant that

7

they weigh heavily in the defendant's favor. *See United States v. Valdez*, 362 F.3d 903, 906 (6th Cir. 2004). However, these factors weigh slightly in the defendant's favor, and more importantly they support his deference to the advice of counsel, as discussed above.

### F. The Defendant's Prior Experience in the Criminal Justice System

The defendant has extensive experience in state criminal justice systems, but this is his first experience in the federal criminal justice system. Significantly, the defendant has no prior experience with the federal sentencing guidelines or the Armed Career Criminal Act. This Court has previously found that under these circumstances this factor weighs in favor of neither party, and that conclusion remains sound. *See United States v. Ryerson*, No. 3:09-cr-66, 2012 WL 113783, at *7 (E.D. Tenn. Jan. 13, 2012), *affirmed*, 502 F. App'x 495 (6th Cir. 2012) ("On balance, the court found that [the defendant's experience in the criminal justice system] was neutral, and the record supports this finding.").

### G. The Potential Prejudice to the Government if the Motion is Granted

The issue of prejudice to the government becomes relevant only if the defendant has established a fair and just reason to withdraw his guilty plea. *United States v. Osborne*, 565 F. Supp. 2d 927, 938–39 (E.D. Tenn. 2008). Based on the factors discussed above, the Court finds the defendant has established a fair and just reason for withdrawal sufficient for the Court to consider prejudice to the government.

Prejudice to the government can include wasted government resources and wasted judicial resources, *id.* at 939, but the time and expense of trial constitutes prejudice only when the government must spend time and expense preparing for trial beyond what would

8

normally be expected due to the defendant's decision to withdraw his guilty plea, *id.* at 927. The United States argues that time has been wasted throughout this process, but makes no additional argument identifying unique circumstances in this case that would increase the time or expense needed to prepare for trial beyond what would normally be expected. Furthermore, the Court previously ruled on a motion to suppress in this case. The parties have thus already devoted time and resources toward preparing for trial, and need not revisit that phase of pretrial litigation moving forward. For these reasons, the Court finds that any prejudice the government may suffer as a result of the defendant's withdrawal of his guilty plea is insufficient to overcome the fair and just reason for withdrawal.

## III.   CONCLUSION

The Court finds the *Bashara* factors weigh in favor of permitting the defendant to withdraw his guilty plea. The defendant's reliance on counsel regarding his potential designation as an armed career criminal was understandable given his lack of education and experience in the federal criminal justice system and his counsel's degree of certainty on the subject. Despite the Court's warnings, it was reasonable under these circumstances for the defendant to proceed with his guilty plea under the assumption he would not be designated as an armed career criminal. The defendant's reliance on counsel also mitigates the extensive amount of time between his guilty plea and his motion to withdraw. Additionally, the large disparity between his original guidelines range of 21–27 months and a mandatory minimum sentence of 180 months weighs in the defendant's favor, as

does the relative lack of prejudice to the government.  For these reasons, the Court finds the defendant has presented a fair and just reason for requesting to withdraw his guilty plea.  Accordingly, defendant's motion to withdraw his guilty plea [Doc. 50] is **GRANTED** and the trial of this case is rescheduled for **Tuesday, January 30, 2018, at 9:00 a.m.**  The plea negotiation deadline is rescheduled to **Tuesday, January 16, 2018**.  The period of time between the defendant's guilty plea and the new trial date shall be fully excludable time under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(i).

    IT IS SO ORDERED.

                      s/ Thomas A. Varlan
                      CHIEF UNITED STATES DISTRICT JUDGE