UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CR-12-TAV-CCS |
| | ) | |
| WILLIAM DALE WOODEN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are the government's motions in limine [Docs. 64, 65]. The defendant has not responded in opposition to these motions. For the reasons explained below, both motions will be granted.

In its motion to preclude improper evidence and argument related to sentencing matters [Doc. 64], the government cites case law and the Pattern Criminal Jury Instructions for the Sixth Circuit to support its contention that neither statutory minimums, maximums, nor sentencing ranges should be brought in front of the jury. *See Shannon v. United States*, 512 U.S. 573, 579 (1994); Pattern Crim. Jury Instr. 6th. Cir. 8.05(2) (2005).

Because the jury is not charged with deciding sentencing matters, arguments in front of the jury related to such matters would be inappropriate. *See Shannon*, 512 U.S. at 579. As such, the government's motion to preclude improper evidence and argument related to sentencing matters is granted.

In its motion to preclude improper evidence and argument related to search issues [Doc. 65], the government contends that arguments regarding the November 19, 2014, police entry and search is an evidentiary matter not to be considered by a jury [Doc. 65 p. 1]. The government argues that such determinations are meant to be made by the court. *See United States v. Stuart*, 507 F.3d 391, 365 (6th Cir. 2007).

Furthermore, these evidentiary concerns were previously litigated and decided by this Court [Docs. 22, 28]. Following a suppression hearing on the matter, Magistrate Judge Shirley recommended, and the undersigned accepted, that the evidence obtained during the November 19, 2014, search was not to be suppressed [Docs. 22, 28]. Therefore, this Court already reached a decision on this matter.

Because evidentiary matters such as the adequacy of the search on November 19, 2014, are to be decided by a judge rather than a jury, and because this Court, in fact, did decide the matter, the government's motion to preclude arguments related to the search issues previously litigated is granted.

Based on the considerations discussed, the government's motions in limine [Docs. 64, 65] are **GRANTED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE